UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>DON O. NICHOLS, et al.,<br><br>                    Defendants. | NO:  13-CV-0167-TOR<br><br>ORDER GRANTING IN PART THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is the United States' Motion for Partial Summary Judgment (ECF No. 31).  This matter was submitted without oral argument.  The United States is represented by Dylan C. Cerling and Adam D. Strait.  Defendants Don O. Nichols and Terry A. Nichols are represented by Charles H. Hammer.  Defendant Last Day Trust has not appeared in this case and an order of default has been entered against it.  ECF No. 28.  The Court has reviewed the record and files herein, and is fully informed.

//

//

ORDER GRANTING IN PART THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

BACKGROUND

On May 29, 2013, the United States filed its first amended complaint seeking:  (1) judgment against Defendants Don and Terry Nichols (collectively "the Nichols") for unpaid federal income taxes and civil penalties for the years 1999, 2001–2009; (2) a determination that real property purchased by the Nichols in Reardon, Washington (the "subject property"), had been fraudulently transferred to Defendant Last Day Trust; (3) in the alternative, a determination that Last Day Trust holds title to the subject property as the nominee or alter ego for the Nichols; (4) a determination that the United States has valid tax liens against the Nichols' property; and (5) an order foreclosing on the subject property to satisfy the tax liens.  ECF No. 3.

The United States has alleged in its complaint that the Nichols filed frivolous federal income tax returns for the tax years 1999, 2001–2008.  *Id.* at ¶13– 17.  The Secretary of Treasury has made assessments of federal income taxes, penalties, interest, and other statutory additions against the Nichols who have neglected or refused to make the requested payments.  *Id.* at ¶ 15–17, 19.  The Internal Revenue Service ("IRS") has recorded statutory liens against all property and rights to property owned by the Nichols pursuant to 26 U.S.C. § 6321.  *Id.* at ¶ 19–22.

ORDER GRANTING IN PART THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2

The United States has also alleged that the Nichols purchased the subject property on August 17, 1984. *Id.* at ¶ 33.  On December 10, 1998, a Real Estate Tax Affidavit was filed with the Spokane County Auditor changing the name on the property to "Don Nichols, Trustee of the Last Day Trust."  *Id.* at ¶ 34.  This document noted that the change was "a mere change in identity."  *Id.*  On December 31, 1998, the Nichols signed a statutory warranty deed purporting to convey the subject property to Don Nichols as trustee for the Last Day Trust in exchange for consideration in the amount of "zero dollars and no/110ths [sic]."  *Id.* at ¶ 35.  The United States further alleges that "[d]espite the purported transfers of the Subject Property, Defendants Don O. Nichols and Terry A. Nichols continue to occupy, possess, exercise dominion and control over, and have use and enjoyment of the subject property."  *Id.* at ¶ 37.

In response to interrogatories by the United States, the Nichols submitted draft 1040X returns and Schedule A forms setting forth the deductions to which the Nichols believed they were entitled in the years at issue.  ECF No. 32 ¶ 39; 33-42 at 8; 33-43 at 7.  The United States now moves the Court for an order of partial summary judgment based upon undisputed facts established in those submissions and certified IRS records.  ECF No. 31.

//

//

ORDER GRANTING IN PART THE UNITED STATES' MOTION FOR
PARTIAL SUMMARY JUDGMENT ~ 3

DISCUSSION

Summary judgment may be granted to a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific genuine issues of material fact which must be decided by a fact-finder. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. A dispute concerning any such fact is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* In ruling upon a summary judgment motion, a court must construe the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Only evidence which would be admissible at trial may be considered. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

ORDER GRANTING IN PART THE UNITED STATES' MOTION FOR
PARTIAL SUMMARY JUDGMENT ~ 4

The United States requests the following findings by the Court:  (1) the Nichols are not entitled to certain deductions, (2) the Nichols are subject to certain penalties as well as interest, and (3) Last Day Trust acts wholly as a nominee or alter ego for the Nichols.  ECF No. 31.  The Nichols "do not deny that Last Day Trust was operating as a nominee entity," nor do they object to any of the United States' statements of undisputed fact.  No. 38 at 2–4.

While the Nichols raise no factual objections, they do object to the United States motion on grounds that it is premature and maintain that a final tally of the Nichols' tax liability will be established through negotiations.  *Id.* at 2, 3.  The United States has not requested the Court to determine a final amount of the Nichols' tax liability in the current motion.  This motion is not premature because the United States is entitled to narrow the field of issues for trial through a motion for partial summary judgment.  *See,e.g.*, *Sebastian Int'l, Inc. v. Russolillo*, 151 F. Supp. 2d 1215, 1217 (C.D. Cal. 2001) ("A court may grant summary adjudication on specific issues without granting summary judgment as to the entire cause of action so as to narrow the issues for trial."); *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987) (approving partial summary judgments that narrowed the issues, shortened any subsequent trial by months, and efficiently separated the legal from the factual questions). The Court

therefore considers whether, based upon the undisputed material facts, the United States is entitled to summary adjudication on each of the issues identified.

## A. Deductions

Income tax deductions are "a matter of legislative grace and . . . the burden of clearly showing the right to the claimed deduction is on the taxpayer." *Sparkman v. C.I.R.*, 509 F.3d 1149, 1159 (9th Cir. 2007) (quoting *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934)); *see also Talley Indus. Inc. v. C.I.R.*, 116 F.3d 382, 387 (9th Cir. 1997) ("The taxpayer has the burden to demonstrate entitlement to a particular deduction." (internal quotation marks omitted)). "Taxpayers are required to keep sufficient records to substantiate deductions." *Sparkman*, 509 F.3d at 1159 (citing 26 U.S.C. § 6001; 26 C.F.R. § 1.6001-1(a)). "If evidence to establish a deduction is lacking, the taxpayer, not the government, suffers the consequence" and the deduction is not allowed. *Talley Indus. Inc.*, 116 F.3d at 387–88.

### 1. Charitable Deductions

In their draft 1040X and Schedule A forms submitted to the United States, the Nichols claim certain charitable deductions. The United States contends that "the Nichols have not provided sufficient evidence to substantiate the purported charitable deductions" and requests the Court to "find the Nichols are not entitled to charitable deductions . . . in an amount greater than the receipts they have

provided" for the years 1999, 2001–2004, and 2007.  ECF No. 31 at 9–10.  The

Nichols have not denied the United States' factual allegations regarding the

numbers represented on these draft forms nor that the Nichols lack appropriate

receipts for some of the claimed contributions.  *See* ECF No. 38.

In general, a taxpayer is allowed to deduct any contributions or gifts made

to qualifying organizations for their use. See 26 U.S.C. § 170(a).  26 C.F.R.

§ 1.170A–13(a)(1) requires that charitable contribution deductions, whether made

by cash or otherwise, be substantiated by at least one of the following:

(i) A canceled check.

(ii) A receipt from the donee charitable organization showing the name of

the donee, the date of the contribution, and the amount of the contribution. A letter

or other communication from the donee charitable organization acknowledging

receipt of a contribution and showing the date and amount of the contribution

constitutes a receipt . . . .

(iii) In the absence of a canceled check or receipt from the donee charitable

organization, other reliable written records showing the name of the donee, the

date of contribution, and the amount of the contribution.

If the donation is a small amount, any written or other evidence from the

donee charitable organization acknowledging receipt is generally sufficient (e.g.,

emblem, button, or other token). The reliability of the records is determined on the

ORDER GRANTING IN PART THE UNITED STATES' MOTION FOR
PARTIAL SUMMARY JUDGMENT ~ 7

1    basis of all relevant facts and circumstances. See 26 C.F.R. § 1.170A–13(a)(2)(C).

2    To claim a charitable contribution deduction of $250 or more, the taxpayer must

3    substantiate the contribution with a contemporaneous written acknowledgment

4    from the donee organization.  26 U.S.C. § 170(f)(8); 26 C.F.R. § 1.170A–13(f)(8).

5    However, "[s]eparate contributions of less than $250 are not subject to the

6    requirements of section 170(f)(8), regardless of whether the sum of the

7    contributions made by a taxpayer to a donee organization during a taxable year

8    equals $250 or more."  26 C.F.R. § 1.170A–13(f)(8).

9        After reviewing the Nichols' draft forms and substantiating evidence, the

10    Court makes the following findings of undisputed fact:

11    (1) The Nichols' 1999 draft 1040X return claims deductions for
        $710.00 in charitable gifts of cash or check and $245.00 in other
12        charitable gifts.  ECF No. 33-23 at 9.  The Nichols have not
        provided any evidence substantiating these amounts.
13

14    (2) The 2001 draft 1040X claims deductions for $2,515.00 in gifts of
        cash or check and $240.00 in other gifts.  ECF No. 33-25 at 11.
        The Nichols have substantiated $2,515.00 in gifts of cash or check
15        to the Lincoln City SDA Church, *id.* at 8, but have not
        substantiated the $240.00 in other charitable gifts.
16

17    (3) The 2002 draft 1040X claims deductions for $2,463.00 in gifts of
        cash or check and $235.00 in other gifts.  ECF No. 33-27 at 14.
        The Nichols have substantiated $1,343.00 in gifts of cash or check
18        to the Lincoln City SDA Church.  *Id.* at 11.  The Nichols have not
        substantiated the remaining $1,120.00 in gifts of cash or check nor
19        the $235.00 in other charitable gifts.

20    (4) The 2003 draft 1040X claims deductions for $9,159.00 in gifts of
        cash or check and $245.00 in other gifts.  ECF No. 33-29 at 19.

ORDER GRANTING IN PART THE UNITED STATES' MOTION FOR
PARTIAL SUMMARY JUDGMENT ~ 8

The Nichols have substantiated $8,109.00 in gifts of cash or check to the Spokane Countryside SDA Church. *Id.* at 7. The Nichols have not substantiated the remaining $1,050.00 in gifts of cash or check nor the $245.00 in other gifts.

(5) The 2004 draft 1040X claims deductions for $5,612.50 in gifts of cash or check and $248.00 in other gifts. ECF No. 33-31 at 22. The Nichols have substantiated gifts of cash or check in the amounts of $123.00 to the Spokane Central SDA Church and $5,489.50 to the Spokane Countryside SDA Church. *Id.* at 7–8. The Nichols have not substantiated the $248.00 in other gifts.

(6) The 2007 draft 1040X claims deductions for $12,005.00 in gifts of cash or check and $245.00 in other gifts. ECF No. 33-37 at 20. The Nichols have substantiated gifts of cash or checks in the amount of $695.00 to the Gospel Heritage Foundation, $3,539.00 to the Spokane Countryside SDA Church, and $420.00 to the Linwood Seventh-day Adventist Church. *Id.* at 11–15. The Nichols have not substantiated the remaining $7,351.00 in gifts of cash or check nor the $245 in other gifts.

Based on the foregoing, the Court concludes, absent additional evidence substantiating the claimed deductions, that: (1) the Nichols may not claim any deduction for charitable gifts in 1999, (2) the Nichols may claim only $2,515.00 in charitable gifts in 2001, (3) the Nichols may claim only $1,343.00 in charitable gifts in 2002, (4) the Nichols may claim only $8,109.00 for charitable gifts in 2003, (5) the Nichols may claim only $5,612.50 for charitable gifts in 2004, and (6) the Nichols may claim only $4,654.00 for charitable gifts in 2007. The United States is entitled to adjudication on these points as a matter of law.

//

ORDER GRANTING IN PART THE UNITED STATES' MOTION FOR
PARTIAL SUMMARY JUDGMENT ~ 9

2. Real Estate Tax Deductions

The Nichols stated during their depositions that they might be entitled to certain real estate tax deductions.  ECF Nos. 31 at 10; 33-2 at 16 (discussing how long it would take to verify a real estate deduction claim).  None of the submitted draft 1040X returns or Schedule A forms make claims for deduction of state real estate taxes.  *See* ECF Nos. 33-23 at 9; 33-27 at 14; 33-29 at 19; 33-31 at 22; 33-33 (does not include a Schedule A form listing itemized deductions); 33-35 (does not include a Schedule A form); 33-37 at 20.  The Nichols have not submitted evidence that would substantiate any real estate deductions, nor do they dispute the United States' assertion that "the Nichols do not have evidence of such deductions."  ECF No. 38.  As such, the Nichols have not carried their burden to identify specific genuine issues of material fact on this matter.  *See Anderson*, 477 U.S. at 256.  The United States is entitled to adjudication that the Nichols may not claim state real estate tax deductions for the years at issue.

3. Commuting Expense Deductions

For the years 2003–2007, the Nichols' submitted Schedule C and Schedule C-EZ forms claiming business expense deductions for commuting costs, accompanied by handwritten notations detailing commuting mileages.  ECF No. 33-29 at 4, 21 ($6,523.20 deduction claimed in 2003); 33-31 at 9, 19 ($8,411.25 deduction claimed in 2004); 33-33 at 14, 16 ($3,264.30 deduction claimed in

2005); 33-35 at 15 ($2,302.74 deduction claimed in 2006); 33-37 at 4–5, 18 ($4,121.88 deduction claimed in 2007).  "A taxpayer's costs of commuting or driving to work is not a deductible business expense . . . , but rather is a non-deductible personal expense[.]"  *Sanders v. C.I.R.*, 439 F.2d 296, 297 (9th Cir. 1971) (citations omitted).  The United States is entitled to adjudication that the Nichols may not claim commuting expenses as a business deduction.

## B. Penalties and Interest

The United States asserts that the Nichols are liable for certain penalties, additions, and interest on their tax liabilities.  ECF No. 31 at 13–18.  Specifically, the United States asserts the Nichols are liable for (1) an accuracy-related penalty for understating the amount of taxes owing, (2) an addition for failing to make estimated payments, (3) an addition for failing to pay taxes assessed, (4) a penalty for frivolous returns, and (5) interest on the amounts due.  *Id.* at 13–14.[1]  The Nichols have not responded to these assertions.  *See* ECF No. 38.  Nevertheless, the burden rests upon the United States to produce evidence with respect to the

---

[1] The United States requests the Court to make findings that the Nichols have such additional liabilities, but clarifies that a determination of the actual amounts due may only be calculated following a final determination of the Nichols' tax liabilities.  *Id.* at 14.

ORDER GRANTING IN PART THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 11

Nichols' liability for any penalty, addition to tax, or other additional amount imposed by the tax code.  26 U.S.C. § 7491(c).

### 1. Accuracy-Related Penalties

The United States contends that the Nichols are liable for accuracy-related penalties for 1999 and 2004.  ECF No. 31 at 14.  The Nichols have not responded to this contention.  *See* ECF No. 38.

A penalty is assessed upon "[a]ny substantial understatement of income tax." 26 U.S.C. § 6662(a), (b)(2).  An "understatement" is "the amount of tax required to be shown on the return," minus the actual amount of tax shown on the return. § 6662(d)(2)(A).  An understatement is "substantial" if "the amount of the understatement for the taxable year exceeds the greater of . . . 10 percent of the tax required to be shown on the return . . . or $5,000."  § 6662(d)(1)(A).

In 1999, the Nichols filed a 1040 return stating that they had zero income, accompanied by a letter stating that they "did not earn 'wages' or 'gross income' as such terms are defined in the United States tax law."  ECF No. 33-22 at 2–3, 5. As such, the Nichols 1040 return indicated they owed no income tax.  *Id.* at 3.  The draft 1040X amended return submitted by the Nichols shows an adjusted gross income for 1999 in the amount of $47,530.62 with an estimated tax liability of $2,510.47.  ECF No. 33-23 at 7.  The IRS has calculated the amount of tax due as $5,501.00.  ECF No. 33-3 at 3.  Under the IRS's calculation, the Nichols' 1999

ORDER GRANTING IN PART THE UNITED STATES' MOTION FOR
PARTIAL SUMMARY JUDGMENT ~ 12

return understated their tax by more than $5,000 and the Nichols would be liable for the penalty.  Under the Nichols' own calculations in the draft 1040X, the return filed in 1999 understated their tax liability by $2,510.47 which is more than 10% of the tax required to be shown—that is, the $0.00 of tax liability shown on the filed return is a 100% understatement of the $2,510.47 tax liability the Nichols now contend was owed.  Under either calculation, the Nichols are liable for a § 6662 accuracy-related penalty for understating their tax liability in 1999.

In 2004, the Nichols again filed a 1040 return stating they had zero income, accompanied by a similar letter asserting they did not earn wages as defined by the U.S. Tax Code.  ECF No. 33-30.  The Nichols again asserted they owed no income tax.  *Id.* at 3.  The Nichols' draft 1040X amended return indicates that they had an adjusted gross income of $50,438.87 in 2004 and owed an estimated $10,792.40 in tax.  ECF No. 33-31 at 17.  The IRS has calculated the Nichols' tax liability as $11,622.00.  ECF No. 33-7 at 3.  Under either calculation, the amount of tax indicated in the 2004 return was understated by more than $5,000 or 10% of the tax liability required to be shown.  The Nichols are subject to an accuracy-related penalty under § 6662 for understating their tax liability in 2004.

Because the Nichols would be liable for an accuracy-related penalty in 1999 and 2004 based upon the amount of tax liability established by either the Nichols or the IRS, the exact amount due is not material for purposes of determining

ORDER GRANTING IN PART THE UNITED STATES' MOTION FOR
PARTIAL SUMMARY JUDGMENT ~ 13

whether the penalty applies.  The United States is entitled to adjudication that the

Nichols are liable for § 6662 accuracy-related penalties for substantial

understatement of income tax in 1999 and 2004.  The amount of those penalties

(20% of the portion of underpayment) will be calculated upon a final determination

of the Nichols' actual tax liabilities in those years.

### 2. Section 6654 Addition to Tax

The United States contends that the Nichols are liable for penalties for

failing to make estimated tax payments in the years 2001–2003, 2005–2007.  ECF

No. 31 at 15–16.  The Nichols have not responded to this contention.  ECF No. 38.

The tax code imposes an addition to tax for underpayment of taxes.  26

U.S.C. § 6654(a); *see also Harris v. C.I.R.*, 104 T.C.M. (CCH) 554 (2012).  The

addition is calculated with respect to four quarterly installment payments on the

taxpayer's estimated tax liability.  § 6654(a), (c).  Each installment is equal to one-

quarter of the taxpayer's "required annual payment." § 6654(d)(1)(A).  The

required annual payment is equal to the lesser of "(i) 90 percent of the income tax

shown on the return for the taxable year (or, if no return is filed 90 percent of the

tax for such year), or (ii) 100 percent of the tax shown on the return for the

preceding taxable year." § 6654(d).  This addition to tax "is mandatory unless the

taxpayer proves an exception applies." *Harris*, 104 T.C.M. (CCH) 554 at *6; *see*

*also* 26 U.S.C. § 6654(e) (exceptions).  Federal income tax withholdings from

ORDER GRANTING IN PART THE UNITED STATES' MOTION FOR
PARTIAL SUMMARY JUDGMENT ~ 14

wages are generally deemed payments on the estimated tax liability.  *See* 26 U.S.C. § 6654(g).

The burden rests on the United States to prove the Nichols are liable for an addition.  26 U.S.C. § 7491(c).  The United States has submitted certified Form 4340 Certificates of Assessments, Payments, and Other Specified Matters ("Form 4340"), covering the Nichols' individual income tax accounts for each of the relevant years.  These forms are admissible as public records.  *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (per curiam).  They are also entitled to a presumption of correctness, absent evidence to the contrary, and are sufficient to establish the United States' prima facie case that an addition applies.  *See Hughes v. United States*, 953 F2d 531, 535 (9th Cir. 1992); *United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir. 1983) ("The government can usually carry its initial burden, however, merely by introducing its assessment of tax due.  Normally, a presumption of correctness attaches to the assessment, and its introduction establishes a prima facie case.").  Following the government's prima facie showing, the burden shifts to the taxpayer to present evidence rebutting the correctness of the Form 4340s and establishing that genuine issues of material fact exist which warrant denial of a motion for summary judgment.  *See Hansen*, 7 F.3d at 138; *Stonehill*, 702 F.2d at 1294.  The Nichols have not disputed the accuracy of the Form 4340s nor have they presented contradictory evidence.

ORDER GRANTING IN PART THE UNITED STATES' MOTION FOR
PARTIAL SUMMARY JUDGMENT ~ 15

Based upon a review of the certified Form 4340s and the Nichols' filed returns, the Court makes the following findings of undisputed fact:

(1) In 2001, the Nichols filed a 1040 return estimating that they had no tax liability. ECF No. 33-24. That year, the IRS calculated Terry Nichols' taxable income as $28,590.00 and assessed an income tax liability of $4,177.00. ECF Nos. 3 at ¶ 16; 33-4. The Form 4340 indicates no payments or withholding credits for the year. ECF No. 33-4.

(2) In 2002, the Nichols filed a 1040 form estimating that they had no taxable income. ECF No. 33-26. The IRS calculated Terry Nichols' taxable income as $26,537.00 and assessed an income tax liability of $4,060.00. ECF Nos. 3 at ¶ 16; 33-5. The Form 4340 reflects a withholding credit of $15.00, but no additional withholdings or payments. ECF No. 33-5.

(3) In 2003, the Nichols filed a 1040 form estimating that they had no tax liability. ECF No. 33-28. The IRS calculated Don Nichols' taxable income as $49,669.00 and assessed an income tax liability of $13,839.00. ECF Nos. 3 at ¶ 15; 33-6. The assessment records indicate no payments or withholding credit for the year. ECF No. 33-6.

(4) In 2004, the Nichols filed a 1040 form estimating that they had no tax liability. ECF No. 33-30. The IRS calculated the Nichols joint taxable income as $37,151.00 and assessed a tax liability of $11,622.00. ECF Nos. 3 at ¶ 17; 33-7. The assessment records reflect a withholding credit of $20.37 but no additional withholdings or payments. ECF No. 33-7.

(5) In 2005, the Nichols filed a 1040 form estimating that they had no tax liability. ECF No. 33-32. That year, the IRS calculated Terry Nichols' taxable income as $25,639.00 and assessed upon her a tax liability of $3,479.00. ECF Nos. 3 at ¶ 16; 33-8. The IRS also calculated Don Nichols' taxable income as $50,742.00 and assessed a tax liability upon him of $15,011.00. ECF Nos. 3 at ¶ 15; 33-10. The assessment records show no withholding credits or payments for the year for either Terry or Don Nichols. ECF Nos. 33-8; 33-10.

ORDER GRANTING IN PART THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 16

(6)   In 2006, the Nichols filed a 1040 form estimating they had no tax liability. ECF No. 33-34. The IRS calculated Terry Nichols' taxable income as $24,738.00 and assessed a tax liability of $5,768.00. ECF No. 3 at ¶ 16; 33-12. The IRS calculated Don Nichols' taxable income as $43,108.00 and assessed a tax liability of $7,339.00. ECF Nos. 3 at ¶ 15; 33-14. The assessment records show no withholding credits or payments for Terry Nichols. ECF No. 33-12. The records show a federal income tax withholding credit in the amount of $2,972.00 for Don Nichols, but no additional withholding credits or payments. ECF No. 33-14.

(7)   In 2007, the Nichols filed a 1040 form estimating that they had no tax liability. ECF No. 33-36. The IRS calculated Terry Nichols' taxable income as $20,309.00 and assessed a tax liability of $7,076.00. ECF Nos. 3 at ¶ 16; 33-16. The IRS calculated Don Nichols' taxable income as $79,302.00 and assessed a tax liability of $16,707.00. ECF Nos. 3 at ¶ 15; 33-18. The assessment records show no withholding credits or payments for Terry Nichols. ECF No. 33-16. The records show a federal income tax withholding credit in the amount of $7,188.00 for Don Nichols, but no additional withholding credits or payments. ECF No. 33-18.

Based upon the foregoing, the Court concludes that in each of the relevant years the Nichols filed returns showing that they had no estimated tax liabilities. The Nichols did not make any payments on their estimated tax liabilities in these years other than some negligible federal income tax withholdings on wages. The United States argues that the Nichols are liable for an addition on tax because they underpaid the amount of taxes the IRS later assessed. However, the amount that the IRS assessed is irrelevant for the application of an addition under § 6654. The statute requires a taxpayer to pay 90% of the estimated tax *shown* on the filed

ORDER GRANTING IN PART THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 17

return for that year or 100% of the estimated tax *shown* on the filed return for the preceding year.  26 U.S.C. § 6654(d)(1)(B).[2]

The Nichols are not liable for a § 6654 tax addition because they paid the required portion of the estimated tax liability shown on their returns.  As the Nichols filed "zero returns" their required annual payment on estimated taxes for each of the relevant years is $0.00, based upon the lesser of either 90% of the $0.00 liability shown on that year's return or 100% of the $0.00 liability shown on the previous year's return.  *See Linmar Prop. Mgmt. Trust v. C.I.R.*, 96 T.C.M. (CCH) 176 at *12 (2008).  For example, in 2002, the Nichols' required annual payment under § 6654(d)(1)(B) was the lesser of 90% of the $0.00 tax liability shown on their 2002 return or 100% of the $0.00 tax liability shown on their 2001 return. ECF Nos. 33-24; 33-26.  The Nichols cannot underpay on the estimated null tax liabilities shown on each return filed.  They are therefore not subject to an addition

---

[2] Only where a taxpayer has failed to file a return does the addition apply to the failure to pay 90% of the assessed tax for a given year.  *See* 26 U.S.C. § 6654(d)(1)(B) (. . .or, if no return is filed, 90 percent of the tax for such year . . . .").  The Nichols did not fail to file returns in the relevant years.  Thus, this provision does not apply.

ORDER GRANTING IN PART THE UNITED STATES' MOTION FOR
PARTIAL SUMMARY JUDGMENT ~ 18

under § 6654.  The United States is not entitled to summary adjudication on this issue.

3. Section 6651 Additions to Tax

The United States contends that the Nichols are liable for additions to their tax for failing to "promptly pay their tax liabilities for any of the following tax years:  1999, 2001–2007."  ECF No. 31 at 16.  The Nichols have not responded to this contention.  *See* ECF No. 38.

The tax code imposes an addition to tax for failure "to pay the amount shown as tax on any return" or "to pay any amount in respect to any tax required to be shown on a return . . . which is not so shown (including an assessment made . . . within 21 calendar days from the date of notice and demand therefor) . . . ."  26 U.S.C. § 6651(a)(2), (3).[3]  The initial burden rests on the United States to produce evidence indicating that the taxpayer failed to make the required payments.  26 U.S.C. § 7491(c); *Wheeler v. C.I.R.*, 127 T.C. 200, 207–08 (2006).  The burden then shifts to the taxpayer to produce evidence that the failure was due to

---

[3] The addition to tax for such a failure to pay is "0.5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate."  § 6651(a)(2), (3).

ORDER GRANTING IN PART THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 19

1    reasonable cause and not due to willful neglect.  26 U.S.C. § 6651(a)(2), (3);

2    *Wheeler*, 127 T.C. at 208.

3         In addition to the findings of undisputed fact described in the preceding

4    section, the Court finds undisputed that in 1999 the Nichols filed a 1040 return

5    estimating that they had no tax liability.  ECF No. 33-22.  The IRS calculated the

6    Nichols' taxable income as $36,667.00 and assessed an income tax liability of

7    $5,501.00.  ECF Nos. 3 at ¶ 17; 33-3.  The assessment reflects a withholding credit

8    of $515.53, but no additional withholdings or payments.  ECF No. 33-3.

9         The Court further finds undisputed that the IRS provided the Nichols with

10   notice and demand of the assessed tax liability for each of the relevant years.

11   "[W]hen a deficiency exists, the Commissioner must issue a notice of deficiency

12   and wait 90 days before assessing the tax."  *Jordan v. C.I.R.*, 102 T.C.M. (CCH)

13   386 at *2 (2011); *see also* 26 U.S.C. §§ 6212(a), 6213(a).  Absent evidence to the

14   contrary, the United States may rely upon Form 4340 records to verify that notice

15   and demand were provided.  *See Jordan*, 102 T.C.M. (CCH) 386 at *3 ("If the

16   taxpayer does not offer any evidence to show an irregularity, the IRS may rely on

17   computerized records, including the Form 4340, to verify that the notice of

18   deficiency was sent and the tax properly assessed.").  An entry on each of the

19   Nichols' yearly assessment record reflects that the additional tax was assessed only

20   after default on the statutory 90 day demand letter.  ECF Nos. 33-3 at 3 (1999); 33-

ORDER GRANTING IN PART THE UNITED STATES' MOTION FOR
PARTIAL SUMMARY JUDGMENT ~ 20

4 at 3 (2001); 33-5 at 3 (2002); 33-6 at 3 (2003); 33-7 at 6 (2004);[4] 33-8 at 3 (2005

for Terry Nichols); 33-10 at 3 (2005 for Don Nichols); 33-12 (2006 for Terry

Nichols); 33-14 at 4 (2006 for Don Nichols); 33-16 at 3 (2007 for Terry Nichols);

33-18 at 3 (2007 for Don Nichols).  These entries are sufficient to establish that the

Nichols were provided with notice of their deficiencies and demand for payment.

*See Jordan*, 102 T.C.M. (CCH) 386 at *3.  Moreover, the Nichols do not dispute

that they were provided with notice and demand to pay the liabilities assessed by

the IRS.  *See* ECF No. 38.

Finally, the Court finds, based upon the review of the Form 4340s, that the

Nichols did not make any payments on the tax liabilities assessed by the IRS

following the notice and demand thereof for any of the relevant years.  *See* ECF

Nos. 33-3; 33-4; 33-5; 33-6; 33-7; 33-8; 33-10; 33-12; 33-14; 33-16; 33-18.  The

Nichols have not disputed or presented evidencing contradicting this failure to

make payments.  As such, the Court concludes that the United States is entitled to

adjudication that the Nichols are liable for additions to taxes in the years 1999,

---

[4] The 2004 Form 4340 does not contain the same entry as the other records, but it does indicate that the "Statutory Notice of Balance Due" was provided.  ECF No. 33-7 at 6.

ORDER GRANTING IN PART THE UNITED STATES' MOTION FOR
PARTIAL SUMMARY JUDGMENT ~ 21

2001–2007 for failing to pay the amount required by the IRS assessments after notice and demand thereof, pursuant to 26 U.S.C. § 6651(a)(3).[5]

### 4. Frivolous Return Penalties

The United States contends that the Nichols are liable for penalties associated with submitting frivolous returns in the years 2005–2008.  ECF No. 31 at 17.  The Nichols have not responded to this contention.  *See* ECF No. 38.

The tax code imposes a civil penalty of $5,000 upon any person who (1) "files what purports to be a return of a tax imposed by this title but which" (2) contains insufficient information on which the substantial correctness of a return can be assessed or information that is on its face "substantially incorrect," and (3) the filing "is based on a position which the Secretary has identified as frivolous" or "reflects a desire to delay or impede the administration of Federal tax laws."  26 U.S.C. § 6702(a); *see also O'Brien v. C.I.R.*, 104 T.C.M. (CCH) 620 at *4 (2012).  The statute grants the Secretary authority to prescribe a list of positions identified as frivolous.  § 6702(c).

---

[5] The Court does not conclude that the Nichols are liable for additions pursuant to 26 U.S.C. § 6651(a)(2).  The Nichols' filed returns showed no tax liability and the Nichols could not therefore fail to pay the liability shown on their returns, *i.e.* zero.  *Cf. Linmar Prop. Mgmt. Trust*, 96 T.C.M. (CCH) 176 at *12.

ORDER GRANTING IN PART THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 22

The Court makes the following findings of undisputed fact:

(1)  The Nichols filed documents annually from 2005–2008 purporting to be tax returns and asserting that the Nichols had received taxable income as defined by the United States tax code.  ECF Nos. 33-32 (2005); 33-34 (2006); 33-36 (2007); 33-38 (2008).

(2)  In 2005, the Nichols reported no income.  ECF No. 33-32. Documents filed with the IRS by third-parties indicate that Don Nichols received $27,300.00 in nonemployee compensation from Bethlehem Construction, Inc., and that Terry Nichols received $33,839.63 in wages from North Central Care Center.  ECF No. 33-33 at 7–8.

(3)  In 2006, the Nichols reported no income.  ECF No. 33-34. Documents filed with the IRS by third-parties indicate that Don Nichols received $51,558.16 in wages from Executive Flight, Inc., and that Terry Nichols received $17,158.99 in wages and $17,249.00 in nonemployee compensation from North Central Care Center.  ECF No. 33-35 7–9.

(4)  In 2007, the Nichols reported no income.  ECF No. 33-36. Documents filed with the IRS by third-parties indicate Don Nichols received $88,052.61 in wages from Executive Flight, Inc., and that Terry Nichols received $31,268.71 in nonemployee compensation from North Central Care Center.  ECF No. 33-37 at 9–10.

(5)  In 2008, the Nichols reported no income.  ECF No. 33-38. Documents filed with the IRS by third-parties indicate that Don Nichols received $109,873.11 in wages from Executive Flight, Inc., and that Terry Nichols received $7,931.95 in nonemployee compensation from North Central Care Center.  ECF No. 33-39 at 8–9.

These undisputed facts establish that the Nichols' returns from 2004–2008 lacked information on which the substantial correctness of the return could be judged and, in fact, contained information that was substantially incorrect.  *See*

ORDER GRANTING IN PART THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 23

*O'Brien*, 104 T.C.M. (CCH) 620 at *5 ("RPS reported on the original Form W–2 that it was petitioner's employer and that it had withheld certain taxes on her wages.  On her Form 1040X petitioner claimed that she received no wages while admitting that income tax was withheld from the amounts paid to her by RPS.  By reason of the above, petitioner's Form 1040X was substantially incorrect on its face.  Furthermore, the Form 1040X did not contain information on which the substantial correctness of petitioner's reported tax liability could be evaluated.").

Further, the IRS "has identified as frivolous a position that wages or other compensation received are not taxable income." *Id.*; *see also* Notice 2008-14, 2008-1 C.B. 310 (January 28, 2008); Notice 2007-30, 2007-1 C.B. 883 (April 2, 2007); Rev. Rul. 2004-34 (March 22, 2004).  "A return that reports taxable income and tax of zero is frivolous in circumstances where a third-party payor has reported on an information return that the taxpayer had income and that income tax was withheld on that income." *O'Brien*, 104 T.C.M. (CCH) 620 at *5.  The Nichols attached to each return a document indicating they had not received wages as defined by the tax code, but third-party payor documents indicated that the Nichols did, in fact, receive wages or compensation each year.  The Nichols' position in each tax year was frivolous.

The Court concludes that (1) the Nichols filed what purported to be a tax return each year from 2004–2008, (2) the Nichols' returns contained insufficient

ORDER GRANTING IN PART THE UNITED STATES' MOTION FOR
PARTIAL SUMMARY JUDGMENT ~ 24

information and information that was on its face substantially incorrect, and (3) the

Nichols' position in filing these "zero returns" had been identified as frivolous by

the IRS at the time of each filing.  The United States is entitled to adjudication that

the Nichols are liable for a $5,000 penalty pursuant to 26 U.S.C. § 6702(a) for the

years 2004–2008.

### 5. Interest

Finally, the United States requests the Court to rule that "the Nichols are

liable for statutory interest upon all of their liabilities for assessed taxes and

penalties." ECF No. 31 at 18.  The Nichols have not responded to this contention.

*See* ECF No. 38.

The tax code imposes interest upon any amount of tax not paid on or before

the last date prescribed for payment.  26 U.S.C. § 6601(a).  The tax code also

imposes interest upon "any assessable penalty, additional amount, or addition to

the tax" if that amount is not paid within twenty-one days of notice and demand

thereof and running from the date of notice and demand.  § 6601(e)(2)(A).  Interest

under § 6601(e)(2)(A) is mandatory.  *Purcell v. United States*, 1 F.3d 932, 943 (9th

Cir. 1993).  The United States is entitled to adjudication that interest applies to the

Nichols' tax liabilities, including penalties and additions.  However, the United

States must establish the dates of notice and demand, and the proper accounting of

interest, before the Court can grant judgment on the matter.  *See id.* (concluding

that the date of notice and demand is a factual matter that must be determined by the trier of fact).

C. Status of Last Day Trust

The United States contends that Last Day Trust was a nominee entity for the Nichols.  ECF No. 31 at 20.  The Nichols have conceded this point.  ECF No. 38 at 2.  Accordingly, the United States is entitled to adjudication that Last Day Trust is a nominee entity for the Nichols.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The United States' Motion for Partial Summary Judgment (ECF No. 31) is **GRANTED in part** as discussed herein.

The District Court Executive is hereby directed to enter this Order, provide copies to counsel, and mail a copy to the address of record for Defendant Last Day Trust.

**DATED** May 28, 2015.



THOMAS O. RICE
United States District Judge

ORDER GRANTING IN PART THE UNITED STATES' MOTION FOR
PARTIAL SUMMARY JUDGMENT ~ 26