UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>        v.<br><br>DON O. NICHOLS and TERRY A. NICHOLS, and LAST DAY TRUST,<br><br>                              Defendants. | NO:  13-CV-0167-TOR<br><br>ORDER GRANTING THE UNITED STATES' SECOND MOTION FOR DEFAULT JUDGMENT AGAINST LAST DAY TRUST |

BEFORE THE COURT is the United States' Second Motion for Default Judgment Against Last Day Trust (ECF No. 42).  This matter was submitted without oral argument.  The United States is represented by Dylan C. Cerling. Defendants Don O. Nichols and Terry A. Nichols are represented by Charles H. Hammer.  Defendant Last Day Trust has not appeared in this case and an order of default has been entered against it.  ECF No. 28.  The Court has reviewed the record and files herein, and is fully informed.

///

ORDER GRANTING THE UNITED STATES' SECOND MOTION FOR DEFAULT JUDGMENT AGAINST LAST DAY TRUST ~ 1

BACKGROUND

On May 29, 2013, the United States filed its first amended complaint

seeking:  (1) judgment against Defendants Don and Terry Nichols (collectively

"the Nichols") for unpaid federal income taxes and civil penalties for the years

1999–2009; (2) a determination that real property purchased by the Nichols in

Reardon, Washington (the "subject property"), had been fraudulently transferred to

Defendant Last Day Trust; (3) in the alternative, a determination to what extent

Last Day Trust holds title to the subject property as the nominee or alter ego of the

Nichols; (4) a determination that the United States has valid tax liens against the

Nichols' property; and (5) an order foreclosing on the subject property to satisfy

the tax liens.  ECF No. 3.

The United States has alleged in its complaint that the Nichols filed

frivolous federal income tax returns for the tax years 1999–2009.  *Id.* at ¶13–28.

Some of these returns were filed by the Nichols separately and some filed jointly.

*Id.* at ¶ 20–28.  The Secretary of Treasury has made assessments of federal income

taxes, penalties, interest, and other statutory additions against the Nichols who

have neglected or refused to make the requested payments.  *Id.* at ¶ 15–17, 19.  The

Internal Revenue Service ("IRS") has recorded statutory liens against all property

and rights to property owned by the Nichols pursuant to 26 U.S.C. § 6321.  *Id.* at

¶ 19–22.

ORDER GRANTING THE UNITED STATES' SECOND MOTION FOR
DEFAULT JUDGMENT AGAINST LAST DAY TRUST ~ 2

The United States has also alleged that the Nichols purchased the subject property in August 17, 1984. *Id.* at ¶ 33. On December 10, 1998, a Real Estate Tax Affidavit was filed with the Spokane County Auditor changing the name on the property to "Don Nichols, Trustee of the Last Day Trust." *Id.* at ¶ 34. This document noted that the change was "a mere change in identity." *Id.* On December 31, 1998, the Nichols signed a statutory warranty deed purporting to convey the subject property to Don Nichols as trustee for the Last Day Trust in exchange for consideration in the amount of "zero dollars and no/110ths [sic]." *Id.* at ¶ 35. That deed was recorded in Spokane County on January 14, 1999. *Id.* The United States further alleges that "[d]espite the purported transfers of the Subject Property, Defendants Don O. Nichols and Terry A. Nichols continue to occupy, possess, exercise dominion and control over, and have use and enjoyment of the subject property." *Id.* at ¶ 37.

In October 2013, the United States demonstrated to the Court that the Nichols had been concealing themselves within Washington State with the intent to avoid being served. ECF No. 10. The Court therefore granted the United States' motion to affect service upon the Nichols and Last Day Trust by publication. ECF No. 14. A certificate of service by publication was filed on December 5, 2013. ECF No. 15. On December 17, 2013, counsel filed a notice of appearance on behalf of the Nichols, and on December 18, 2013, the Nichols's counsel filed an

ORDER GRANTING THE UNITED STATES' SECOND MOTION FOR DEFAULT JUDGMENT AGAINST LAST DAY TRUST ~ 3

answer to the United States' complaint.  ECF Nos. 16, 17.  No notice of appearance of counsel was filed on behalf of Last Day Trust, nor did Last Day Trust file an answer to the complaint.

On October 29, 2014, the United States provided Last Day Trust with notice of intent to move for entry of default.  ECF No. 26.  The United States subsequently moved for an entry of default against Last Day Trust on December 4, 2014.  ECF No. 27.  The Clerk of Court entered default against Last Day Trust on December 5, 2014.  ECF No. 28.

On January 28, 2015, the United States moved the Court for entry of a default judgment against Last Day Trust.  ECF No. 29.  The Court denied the motion with leave to renew at an appropriate time.  ECF No. 34.

In response to interrogatories by the United States, the Nichols submitted draft 1040X returns and Schedule A forms setting forth the deductions to which the Nichols belied they were entitled in the years at issue.  ECF No. 32 ¶ 39; 33-42 at 8; 33-43 at 7.  Based upon undisputed facts established in those submissions and certified IRS records, the United States moved for an order of partial summary judgment on March 9, 2015.  ECF No. 31.

On May 28, 2015 the Court granted in part the United States' motion for partial summary judgment.  ECF. No. 40.  The Court found the Nichols are not entitled to certain deductions, *Id.* at 6-11.  The Court also found that Last Day

1    Trust acts as a nominee for the Nichols.  *Id.* at 26.  The Court found, in part, that

2    the Nichols are subject to certain penalties as well as interest. *Id.* at 11-26.

3        On August 31, 2015, the United States and the Nichols stipulated to a

4    judgment in the amount of $155,018.83.  ECF No. 41 at 2.  The United States now

5    renews its motion for entry of a default judgment against Last Day Trust.  ECF No.

6    42.

7                                          DISCUSSION

8        Default judgments are governed by Federal Rule of Civil Procedure 55(b).

9    Rule 55(b)(1) provides that the Clerk of Court may enter default judgment when

10    the plaintiff's claim "is for a sum certain or a sum that can be made certain by

11    computation."  Fed. R. Civ. P. 55(b)(1).  When the value of the claim cannot be

12    readily determined, or when the claim is for non-monetary relief, the plaintiff must

13    apply to the court for entry of default judgment.  Fed. R. Civ. P. 55(b)(2).  The

14    entry of default judgment under Rule 55(b) is "an extreme measure."  *Cmty. Dental*

15    *Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002).  "As a general rule, default

16    judgments are disfavored; cases should be decided upon their merits whenever

17    reasonably possible."  *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189

18    (9th Cir. 2009).  In determining whether to enter default judgment, a court should

19    consider the following factors:  "(1) the possibility of prejudice to the plaintiff; (2)

20    the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint;

(4) the sum of money at stake in the action; (5) the possibility of a dispute

concerning material facts; (6) whether the default was due to excusable neglect;

and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring

decisions on the merits."  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.

1986).  The Court considers each of the factors in turn.

    1.  Possibility of Prejudice to the Plaintiffs

       Despite having been properly served, Last Day Trust has failed to plead or

otherwise defend.  As a result, the United States' claims cannot move forward on the

merits, and the United States' ability to obtain effective relief has been prejudiced.

This factor weighs in favor of entering default judgment.

    2.  Merits of Plaintiffs' Substantive Claims

       The United States' claims appear to have substantial merit.  The United States

has asserted two claims against Last Day Trust.  Specifically, it claims that the

conveyance of the subject property from the Nichols to Last Day Trust was

fraudulent under Washington State's Uniform Fraudulent Transfer Act, RCW Ch.

19.40.  ECF No. 3 at ¶¶ 48–57.  The United States also claims, in the alternative,

that Last Day Trust merely holds title to the subject property as nominee or alter ego

for the Nichols.  *Id.* at ¶¶ 58-62.

       In the instant motion, the United States argues that since this Court has held,

based on the Nichols' concession, that "the United States is entitled to adjudication

that Last Day Trust is a nominee entity for the Nichols," ECF No. 40 at 26, and since the Nichols have stipulated to a judgment, ECF No. 41, there is no indication that its claims are not meritorious. ECF No. 42 at 4-5. The Court agrees. This factor weighs strongly in favor of entering default judgment.

3. <u>Sufficiency of the Complaint</u>

The United States' first amended complaint alleges sufficient facts upon which relief may be granted. This factor weights in favor of granting default judgment.

4. <u>Sum of Money at Stake</u>

The United States has not sought pecuniary damages against Last Day Trust, but only equitable relief to clear title to and foreclose on the subject property. The property is valued at $133,950. ECF No. 29 at 5. The Nichols have stipulated for entry of judgment in the amount of $155,018.83. ECF No. 41 at 2.

5. <u>Possibility of Dispute as to Material Facts</u>

There is little possibility of dispute as to the material facts in this case. The Nichols have admitted, and the Court has held, that Last Day Trust was the Nichols' nominee. ECF No. 40 at 26. Moreover, the Nichols have stipulated to entry of judgment. ECF No. 41. Consequently, there is little risk of dispute of material facts. This factor weighs in favor of granting summary judgment.

6. <u>Whether Default is Attributable to Excusable Neglect</u>

The Nichols and Last Day Trust were properly served by publication.

ORDER GRANTING THE UNITED STATES' SECOND MOTION FOR
DEFAULT JUDGMENT AGAINST LAST DAY TRUST ~ 7

Thereafter the Nichols filed a notice of appearance and answer in this case. Although Don O. Nichols serves as trustee for Last Day Trust, the trust has failed to appear or otherwise defend itself in this case. Because its trustee knows of and is participating in this litigation, but has failed to respond on behalf of the trust, the Court concludes Last Day Trust's default is not attributable to excusable neglect. This factor weighs in favor of entering default judgment.

7. Policy Favoring Decisions on the Merits

Public policy clearly favors resolution of cases on their merits. *Eitel*, 782 F.2d at 1472; *Westchester Fire*, 585 F.3d at 1189. "[W]here there are several defendants, the transgressions of one defaulting party should not ordinarily lead to the entry of a final judgment, let alone a judgment fatal to the interests of other parties." *Westchester Fire*, 585 F.3d at 1189. The proper procedure for entry of default where the same theory of liability applies to multiple defendants is for a district court to enter default against a non-responsive party, await a determination of the merits as to the non-defaulting parties, and then to enter or deny default judgment against the defaulting party based upon the court's determination of the merits. *See Garamendi v. Henin*, 683 F.3d 1069, 1083 (9th Cir. 2012); *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001); *see also Frow v. De La Vega*, 82 U.S. 552, 554 (1872).

ORDER GRANTING THE UNITED STATES' SECOND MOTION FOR
DEFAULT JUDGMENT AGAINST LAST DAY TRUST ~ 8

1    The United States argues that "while there is a strong policy encouraging that

2    cases be decided on the merits, that policy is already primarily satisfied in this case,"

3    because the Court has held that Last Day is Trust is a nominee entity and the Nichols

4    have already stipulated to entry of judgment.  ECF No. 42 at 6.  The Court agrees.

5    This factor weighs in favor of entering default judgment.

6          The Court concludes that the proper administration of justice in this case

7    requires an award of default judgment.

8    **ACCORDINGLY, IT IS HEREBY ORDERED:**

9          The United States' Second Motion for Default Judgment Against Last Day

10    Trust (ECF No. 42) is **GRANTED**.

11          The District Court Executive is hereby directed to enter this Order, and

12    Judgment accordingly, provide copies to counsel, and mail a copy to the address of

13    record for Defendant Last Day Trust.

14          **DATED** September 25, 2015.

15

16                                    THOMAS O. RICE
                                    United States District Judge
17

18

19

20

ORDER GRANTING THE UNITED STATES' SECOND MOTION FOR
DEFAULT JUDGMENT AGAINST LAST DAY TRUST ~ 9