1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

12

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>DON O. NICHOLS and TERRY A. NICHOLS, and LAST DAY TRUST,<br><br>                    Defendants. | NO:  2:13-CV-0167-TOR<br><br>ORDER GRANTING UNITED STATES' MOTION FOR ENTRY OF FORECLOSURE AND JUDICIAL SALE |

13

14

15

        BEFORE THE COURT is Plaintiff's motion for order of sale (ECF No. 46). This matter was submitted for consideration without oral argument.  The Court has reviewed the briefing and the record and the files herein, and is fully informed.

16

BACKGROUND

17

18

19

20

        On May 29, 2013, the United States filed its first amended complaint seeking:  (1) judgment against Defendants Don and Terry Nichols ("the Nichols") for unpaid federal income taxes and civil penalties for the years 1999; 2001-2009; (2) a determination that real property purchased by the Nichols and located near

ORDER GRANTING UNITED STATES' MOTION FOR ENTRY OF FORECLOSURE AND JUDICIAL SALE ~ 1

Reardon, Washington (the "subject property"), had been fraudulently transferred to Defendant Last Day Trust; (3) in the alternative, a determination to what extent Last Day Trust holds title to the subject property as the nominee or alter ego of the Nichols; (4) a determination that the United States has valid tax liens against the Nichols' property; and (5) an order foreclosing on the subject property to satisfy the tax liens.  ECF No. 3.

On September 25, 2015, after stipulation, the Court entered judgment in favor of the United States and against Defendants in the amount of $155,018.83, plus interest accruing after July 14, 2015 as provided by law.  ECF No. 44; *see* 26 U.S.C. § 6621.  *See also* 28 U.S.C. § 1961(c)(1) (explaining that § 6621 applies in "any internal revenue tax case").

The United States now moves the Court for an order of foreclosure and judicial sale.  ECF No. 46.  The Nichols filed a response in partial opposition. ECF No. 48.

## DISCUSSION

The Nichols' request that the Court deny the United States' motion and direct the United States to "enter into a reasonable monetary plan for defendants to make payments on their tax debt."  *Id.* at 3.

Under 26 U.S.C. § 7403, the United States Government is empowered to enforce its tax liens against a delinquent taxpayer by requesting the judicial sale of

ORDER GRANTING UNITED STATES' MOTION FOR ENTRY OF FORECLOSURE AND JUDICIAL SALE ~ 2

the taxpayer's real property.  *United States v. Rodgers*, 461 U.S. 677, 691-92

(1983).  A district court "may decree a sale of such property."  26 U.S.C. §

7403(c).  "Section 7403 affords district courts limited equitable discretion in

determining whether to order the sale of property to satisfy delinquent tax

liabilities."  *United States v. Gibson*, 817 F.2d 1406, 1407 (9th Cir. 1987) (citing

*Rodgers*, 461 U.S. at 680).  "District courts may exercise this limited discretion in

individual cases to take into account both the government's interest in prompt and

certain collection of delinquent taxes and the possibility that innocent third parties

will be unduly harmed by that effort."  *Id.*  A district court's "limited discretion

accorded by § 7403 should be exercised rigorously and sparingly."  *Rodgers*, 461

U.S. at 711.

The Nichols have presented no evidence that any third party would be

unduly harmed by the Plaintiff's foreclosure of the subject property.  The Nichols

contend they will suffer hardship if the sale is to go forward.  *See* ECF No. 48 at 2.

(arguing that the Nichols are prejudiced by a forced sale because, among other

things, they are in their late sixties, retired, have health issues, and have lived in the

home for many years).  However, the Supreme Court has stated that there are

"virtually no circumstances … in which it would be permissible to refuse to

authorize a sale simply to protect the interests of the delinquent taxpayer himself or

herself."  *Rodgers*, 461 U.S. at 709.  Thus, the Nichols do not provide the Court

ORDER GRANTING UNITED STATES' MOTION FOR ENTRY OF
FORECLOSURE AND JUDICIAL SALE ~ 3

with a valid reason to exercise its "limited discretion" to deny the United States'
motion.

Here, the United States has complied with the requirements of § 7403 for
entry of an order of judicial sale. Defendants have failed to pay their federal tax
liabilities, and the Court has entered judgment against Defendants. ECF Nos. 44;
45. The United States commenced this action in the district court, and all parties
"having liens upon or claiming any interest in the property involved in such
action," 26 U.S.C. § 7403(b), have been named as Defendants. *See* ECF No. 1 ¶¶
5-10. Accordingly, the United States is entitled to foreclose its valid federal tax
liens on the real property at issue as a matter of law. The Court will issue a
separate order of sale.

ACCORDINGLY, IT IS HEREBY ORDERED:

The District Court Executive is hereby directed to enter this Order and
furnish copies to the parties.

**DATED** November 6, 2015.



THOMAS O. RICE
United States District Judge

ORDER GRANTING UNITED STATES' MOTION FOR ENTRY OF
FORECLOSURE AND JUDICIAL SALE ~ 4